# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Civil Case No. 13cv1343-MMA (DHB) |
|---|---|
| Petitioner, | **ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| vs. | |
| CRISTOBAL SANDOVAL, | |
| Respondent. | |

On February 9, 2012, pursuant to a written plea agreement, Defendant Cristobal Sandoval pleaded guilty to a single count Information charging him with illegal reentry subsequent to a prior deportation in violation of Title 8 of the United States Code, Section 1326(a),(b). The Court sentenced Defendant on April 30, 2012 to 30 months imprisonment, 2 years supervised release, no fine, and a $100 penalty assessment. On February 25, 2013, Defendant filed a motion to vacate, set aside, or correct his conviction and sentence under Title 28, section 2255. *See* Related Case Nos. 12cr393/13cv448. Defendant challenged his sentence on three grounds: (1) the Court erred in imposing a term of supervised release; (2) counsel was ineffective for failing to challenge his prior deportation; and (3) counsel "forced" him to plead guilty. The Court summarily dismissed the motion.

On June 7, 2013, Defendant filed a renewed challenge to his conviction and sentence, styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Doc. No. 1. After conducting an initial review of Defendant's grounds for relief,

the Court determined that Defendant's submission must be construed as a 2255 motion and ordered a response from the government.[1]  *See* Doc. No. 3.

The government has filed a response, arguing, *inter alia*, that the motion should be dismissed pursuant to Title 28, section 2444, barring successive 2255 motions.  *See* Doc. No 4.  The Court agrees.  The filing of second and successive motions under section 2255 is prohibited unless the defendant has obtained certification from the Court of Appeals.  28 U.S.C. § 2244; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).  Because Defendant's motion has not been certified by the circuit court as required by Section 2244, this Court lacks jurisdiction to entertain it, and the motion must be dismissed.  *See* 28 U.S.C. §§ 2255; 2244(3)(A); *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010); *Thompson v. Calderon*, 151 F.3d 918, 920 (9th Cir. 1998) (en banc); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

Accordingly, the Court **DISMISSES** Defendant's motion.  The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**IT IS SO ORDERED**.

DATED: July 10, 2013

Hon. Michael M. Anello
United States District Judge

---

[1] The Honorable Marilyn L. Huff, presiding.  This case was transferred pursuant to the Court's "Low Number Rule" on July 10, 2013.  *See* Doc. No. 5; CivLR 40.1.e.